**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAD RENNINGER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:22-cv-76** |
| | ) | |
| **OLIVER, Superintendent, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>MEMORANDUM ORDER</u>**

On February 28, 2022, Petitioner Chad Renninger ("Renninger") commenced this civil action in which he seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF No. 1. Renninger's operative pleading is his amended petition, filed on March 17, 2022, wherein he asserts two grounds for relief: (1) a challenge to the weight and sufficiency of the evidence adduced at trial and (2) a challenge to the legality of his sentence. ECF No. 6.

Respondents filed an answer to the amended petition on July 25, 2022, ECF No. 11, and Renninger subsequently filed a reply and a supplement. See ECF Nos. 21, 22. The matter has been referred to United States Magistrate Judge Maureen P. Kelly for a report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

On April 29, 2025, Judge Kelly issued an R&R recommending that the amended petition be denied and that a certificate of appealability also be denied. ECF No. [37]. As to Renninger's first §2254 claim, Judge Kelly determined that the Pennsylvania Superior Court had applied the correct legal standard in assessing the sufficiency of the trial evidence, and Renninger had not shown either that the state court's decision involved an unreasonable application of the law or

that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. §2254(d).  To the extent Renninger argued that his conviction was against the weight of the evidence, Judge Kelly noted that this challenge involved a state law claim that could not serve as a basis for federal habeas corpus relief under Section 2254.  Judge Kelly similarly found that Renninger's claim concerning the alleged "illegality" of his sentence in fact implicated only discretionary aspects of his sentence that were redressable under state law, but not under Section 2254.

Renninger's objections (ECF No. [42]), filed on June 2, 2025, fail to establish any basis for rejecting or modifying the R&R.  Some of Renninger's objections involve nothing more than conclusory assertinos that his rights were violated or that the state court's decision was based on an unreasonable determination of the facts. ECF No. 42, ¶¶ 2, 5, and 12.  Some of his objections address the weight of the trial evidence which, as noted, is not grounds for federal habeas relief. *Id.*, ¶¶3, 7.  Renninger's objection that he was given consecutive sentences outside of the Pennsylvania sentencing guidelines also fails to state a basis for federal habeas relief. *Id.*, ¶8. Renninger alludes in his objections to mental health problems and his trial counsel's failure to present these issues "to help prove [his] innocen[ce]" at trial. *Id.* ¶11.  But Renninger did not present an ineffectiveness-of-counsel claim in his amended petition, and it is inappropriate for the Court to entertain arguments or claims that were not properly developed before the magistrate judge, particularly where, as here, Renninger's assertions are entirely unsubstantiated. Insofar as Renninger objects that he cannot properly pursue his habeas claims without the assistance of counsel, the Court concludes that appointment of counsel is not warranted in this case.  No evidentiary hearing is needed in order to resolve Renninger's Section 2254 claims, and the interests of justice do not otherwise require that counsel be appointed in this matter. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. §3006A(a)(2).

In sum, after *de novo* review of the amended petition and documents in the case, along with the Magistrate Judge's Report and Recommendation and Renninger's objections thereto, the following order is entered:

AND NOW, this 6th day of June, 2025, IT IS ORDERED that the Amended Petition for a Writ of Habeas Corpus [6] shall be, and hereby is, DENIED with prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Kelly, issued on April 29, 2025, ECF No. [37], is adopted as the opinion of this Court. The Petitioner's objections to the Report and Recommendation [42] are OVERRULED.

Because jurists of reason would not find it debatable that the Petitioner failed to make a substantial showing of the denial of a federal constitutional right, IT IS FURTHER ORDERED that no certificate of appealability shall issue.

As there are no further matters pending before the Court relative to the instant case, the Clerk is directed to mark this civil action "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

3